# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH MCGRAW, | ) | 3:23-CV-229 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANE DOE, et al., | ) | |
| *Defendants*. | ) | September 11, 2023 |
| | ) | |
| | ) | |

## <u>INITIAL REVIEW ORDER</u>

Plaintiff Keith McGraw filed this civil rights complaint under 42 U.S.C. § 1983 while housed at Carl Robinson Correctional Institution in the custody of the Connecticut Department of Correction ("DOC").[1]  Compl., ECF No. 1.  Plaintiff asserts violation of his rights under the United States Constitution while he was housed at the DOC's Hartford Correctional Center ("Hartford C.C.") against Correction Officer Jane Doe, Lieutenant Diaz, and Warden Devonia Long.[2]  Plaintiff has sued Defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] Plaintiff has since been released, and has updated his address accordingly.

[2] The Court takes judicial notice of Warden Long's first name from publicly available information on the DOC website. https://portal.ct.gov/DOC/Facility/Hartford-CC.

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.[3]   Based on this initial review, the Court orders as follows.

## I.        FACTUAL BACKGROUND

The Court does not include herein all allegations from the complaint but summarizes the facts to provide context for this initial review.

In the morning of October 2, 2022, while housed at Hartford C.C., Plaintiff was pinned by the iron door of his cell after Correction Officer Doe activated the electronic security mechanism while Plaintiff stood in the door's threshold.   Compl. ¶¶ 1–2.   As a result, Plaintiff sustained serious pain and injuries to his arms and body.   *Id.* ¶ 2.   After Plaintiff escaped the door's clutches, Plaintiff asked Officer Doe to contact the medical unit on his behalf.   *Id.* ¶ 4.   Officer Doe told Plaintiff to "shut up," which left Plaintiff in pain and without medical attention.   *Id.* Officer Doe never filed a report about the incident.   *Id.* ¶ 3.

Later that morning, Plaintiff asked Lieutenant Diaz to contact the medical unit on Plaintiff's behalf.   *Id.* ¶ 5.   Lieutenant Diaz refused, once again leaving Plaintiff in pain.   *Id.*

Sometime later, Plaintiff asked Warden Long to contact the medical unit on his behalf.   *Id.* ¶ 6.   Warden Long declined to do so.   *Id.*   Instead, Warden Long declined to investigate the

---

[3] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"   *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).   Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.   *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).   The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard.   *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (internal quotation marks omitted

incident and instead caused Plaintiff to be transferred to MacDougall-Walker Correctional Institution four days later, on October 6, 2022.   *Id.* ¶ 7.

## II.    DISCUSSION

The Court construes Plaintiff's allegations as raising constitutional claims of deliberate indifference to his health and safety and retaliatory transfer, and state law claims of negligence. As publicly available information shows that Plaintiff was an unsentenced inmate on October 2, 2022, the Court analyzes his claims of deliberate indifference under Fourteenth Amendment substantive due process standards.   *See Darnell v. Pineiro*, 849 F.3d 17, 29–35 (2d Cir. 2017); *Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019).

### A.   Official Capacity Claims

Plaintiff's complaint indicates that he asserts his claims against Defendants in their official capacities.   To the extent he asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment.   *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).   Thus, the Court considers only whether Plaintiff has sufficiently alleged claims against any defendant in his or her individual capacity for damages.

### B.   Deliberate Indifference

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two elements:   (1) whether the plaintiff was subjected to an objectively serious condition or medical need; and (2) whether the defendant acted "with at least deliberate indifference" to the challenged condition or need.   *Darnell*, 849 F.3d at 29; *Charles*, 925 F.3d at 86–87.

With respect to the objective prong, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30. "The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

With respect to the "subjective" or "*mens* rea" requirement, the Second Circuit has held that it "can be established by either a subjective or objective standard." *Charles*, 925 F.3d at 87 (citing *Darnell*, 849 F.3d at 35). For a claim of deliberate indifference under the Fourteenth Amendment, the plaintiff must show that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [unsentenced] detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. A detainee "must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.* at 36.

Although Plaintiff has not alleged facts describing his injuries with specificity, the Court assumes for purposes of initial review that he sustained objectively serious injuries by virtue of being crushed by an iron cell door. Compl. ¶ 2. In addition, for initial review purposes, Plaintiff's allegations are sufficient to suggest that Defendants Correction Officer Doe, Lieutenant Diaz, and Warden Long violated the Fourteenth Amendment by acting with indifference to his health and safety. Accordingly, the Court permits Plaintiff to proceed on his Fourteenth Amendment claim of deliberate indifference against Correction Officer Doe, Lieutenant Diaz, and Warden Long in their individual capacities for damages.

4

C.  <u>Retaliatory Transfer</u>

Although Plaintiff does not include a claim for retaliation, he does allege that Defendant Long transferred Plaintiff in response to his request for medical attention.  Thus, construing Plaintiff's complaint liberally, the Court will determine whether Plaintiff's allegations support a retaliation claim.

To plead a First Amendment retaliation claim, a plaintiff must plausibly allege:  "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)).   The Second Circuit has "instructed district courts to 'approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.'"  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003)).

Notably, "the Second Circuit has yet to articulate a bright line rule regarding constitutionally protected oral speech by an inmate."  *Cosby v. McDonald*, 3:20-CV-432 (MPS), 2020 WL 5026550, at *6 (D. Conn. Aug. 25, 2020) (quoting *Booker v. Griffin*, No. 16-CV-72 (NSR), 2018 WL 1614346, at *17 (S.D.N.Y. Mar. 31, 2018)).   Courts in this District often distinguish "verbal complaints about the conduct of correctional staff members" from "arguments or confrontations between a prisoner and correctional staff," the latter of which does not "rise to

the level of protected speech." *Mejia v. Kurtzenacker*, No. 3:21-CV-1222 (MPS), 2022 WL 19331, at *4 (D. Conn. Jan. 3, 2022).

Here, when his complaint is construed liberally, Plaintiff plausibly pleads the first element of his claim:  protected speech.   Plaintiff alleges that he was transferred shortly after requesting medical attention.   While courts in this Circuit are divided as to whether an inmate's request for medical attention falls within the First Amendment's protections, for initial review purposes the Court agrees with those courts that have found such speech as protected.   *See e.g.*, *Milner v. Lamont*, No. 3:20-CV-1245 (JAM), at *8 (D. Conn. June 9, 2022) (holding that a request for medical attention is protected speech); *Maxwell v. City of New York*, 272 F. Supp. 2d 285, 300 (S.D.N.Y. 2003) (same).

For purposes of initial review, Plaintiff also plausibly alleges the second element of a First Amendment retaliation claim:  adverse action.   "An adverse action is defined as 'retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.'"   *Brandon*, 938 F.3d at 40 (quoting *Davis*, 320 F.3d at 353).   This element is met because "prison authorities may not transfer an inmate in retaliation for the exercise of constitutionally protected rights . . . ."   *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998).

Finally, for purposes of initial review, Plaintiff also plausibly alleges the final element: causation.   "[A] plaintiff can establish a causal connection [ ] by 'showing that protected activity was close in time to the adverse action.'"   *Brandon*, 938 F.3d at 40 (quoting *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009)).   The alleged adverse action—Plaintiff's transfer—occurred a mere four days after Plaintiff requested medical attention.   *See Tucker v. Genego*, No. 3:19-CV-2014(AWT), 2023 WL 122131, at *2 (D. Conn. Jan. 6, 2023) (noting temporal proximity between

the protected activity and the alleged retaliatory act can support causation). Especially considering Plaintiff's repeated requests for medical attention allegedly went unanswered, Plaintiff has adequately alleged causation.

Accordingly, the Court will permit Plaintiff to proceed on a First Amendment retaliation claim. As Plaintiff attributes the transfer only to Warden Long, this claim will proceed against only Warden Long in her individual capacity for damages.

### E. Common Law Negligence

Finally, the Court construes the complaint as alleging a claim for negligence. Connecticut General Statutes section 4-165 bars negligence claims against state employees acting within the scope of their employment. Conn. Gen. Stat. § 4-165(a) ("No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment."); *see also Miller v. Egan*, 265 Conn. 301, 319 (2003) (state employees are not "personally liable for their negligent actions performed within the scope of their employment"). Defendants are all state employees who were acting within the scope of their employment. Thus, they are generally immune to state negligence tort claims. However, as Plaintiff has plausibly pleaded Fourteenth Amendment deliberate indifference claims that necessarily require a showing of at least reckless conduct, the Court will permit Plaintiff to assert a similar state law recklessness claims against Defendants for further development of the record. Conn. Gen. Stat. § 4-165(a); *see also Miller*, 265 Conn. at 319 (immunity does not apply to "reckless" conduct).

## ORDERS

For the reasons discussed above, the Court dismisses all official capacity claims.

Plaintiff may proceed on the following claims:   (1) his Fourteenth Amendment violation based on deliberate indifference to his health and safety against Correction Officer Doe, Lieutenant Diaz, and Warden Long in their individual capacities; (2) a First Amendment claim for retaliatory transfer in response to Plaintiff's request for medical attention against Warden Long in her individual capacity; and (3) a state common law recklessness claim against Correction Officer Doe, Lieutenant Diaz, and Warden Long in their individual capacities.

The Court enters the following orders.

(1)      The Clerk shall contact the Department of Correction Office of Legal Affairs to ascertain current service address for Defendants Diaz and Long in their individual capacities, mail a service of process request packet containing the complaint and this Order to each of these Defendants at the address provided by **September 25, 2023**, and report to the Court on the status of the waiver request on the thirty-fifth day after mailing).   If any Defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that Defendant in his or her individual capacity and that Defendant shall be required to pay the cost of such service.

(2)      **Doe Defendant**.   The Court advises Plaintiff that the Clerk cannot serve the complaint on Correction Officer Jane Doe because Plaintiff has not provided the first or last name for this defendant.   Plaintiff will have ninety (90) days from the date of appearance of counsel of the first Defendant to appear in this action to file a notice identifying Defendant Doe by her first and last name.   Plaintiff may determine Defendant Doe's identity by reviewing his materials and

by sending a discovery request to counsel for any other Defendant.   The Court will dismiss the claims against Defendant Doe if Plaintiff fails to provide a first and last name within the time specified herein. *See* Fed. R. Civ. P. 4(m).

(3)      The Clerk shall send Plaintiff a copy of this Order.

(4)      The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

**\*\*\***

The Court will issue a schedule for this case once service is effected upon Defendants. Should any Defendant believe that any of the claims addressed herein is insufficiently pleaded in the complaint, he or she may file a motion to dismiss such claim(s).

If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he MUST notify the court.   Failure to do so can result in the dismissal of the case.   Plaintiff must give notice of a new address even if he is incarcerated.   Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.   It is not enough to just put the new address on a letter without indicating that it is a new address.   If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or the attorney for Defendants of his new address, after Defendants appear.

**SO ORDERED** at Hartford, Connecticut, this 11th day of September, 2023.


  */s/ Sarala V. Nagala*          
SARALA V. NAGALA
United States District Judge